# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**MICHAEL JAMES PLASKER,**    )
                             )
             Plaintiff,     )    Case No. 3:15-cv-1083-MC
                             )
        v.            )    **OPINION AND ORDER**
                             )
**CAROLYN W. COLVIN**,    )
Acting Commissioner of Social Security,    )
                             )
            Defendant.    )
_____)

Nelson Hall, Bennett, Hartman, Morris & Kaplan LLP, 210 SW Morrison St., Suite 500, Portland, OR 97204. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Joseph Langkamer, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**McSHANE, District Judge**.

      Michael James Plasker ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

for Social Security Income ("SSI").  Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

# I.    BACKGROUND

## A.    The Application

Born in June, 1966, plaintiff was 47 years old at the time of the administrative hearing. Tr. 52, 243. He completed the 12th grade and attended special education classes.  Tr. 248.  He has past work experience as a factory worker, general laborer, welder, and security guard.  Tr 249.  He alleges disability due to back pain, impulse control disorder, sciatica, attention deficit disorder, chondromalacia patella, and learning disability.  Tr. 247.

Plaintiff filed his application for SSI on December 8, 2011, alleging disability as of March 31, 2008.  Tr. 35.  After the Commissioner denied his application initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 185-87.  An administrative hearing was held on November 6, 2013.  Tr. 52-119.  At the hearing, plaintiff amended his alleged onset date to December 8, 2011.  *Id.*

On December 12, 2013, the ALJ issued a written decision finding plaintiff not to be disabled.  Tr. 32-51.  The Appeals Council denied plaintiff's subsequent request for review on February 10, 2014, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-6.  This appeal followed.

## B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 20 C.F.R.

§ 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20

C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.    The ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since his application date of December 8, 2011. Tr. 37. At step two, the ALJ concluded that plaintiff had the severe impairments of degenerative disc disease with cervical radiculopathy, left shoulder degenerative joint disease, and affective disorder. Tr. 37. At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 38.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that he retains the capacity to perform light work with the following limitations: he can stand and walk for about six hours and sit for about six hours with normal breaks; he can lift, carry, push, and pull within light exertional limits; he can occasionally reach overhead and can frequently handle and finger; he can understand, remember and carry out unskilled, routine and repetitive work of the kind that requires no more than occasional contact with supervisors; he can work in proximity to coworkers, but not in a team or cooperative effort; and he can perform work in a setting to which the general public is not admitted as part of the regular business of that workplace. Tr. 40.

At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work. Tr. 46. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff could perform jobs that exist in significant numbers in the national economy, including eye glass polisher, electronic assembler, and photo copy machine operator. Tr. 47. Accordingly, the ALJ found that plaintiff was not disabled. *Id.*

## II.      STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th

Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625,

630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 882 (9th Cir. 2006)

(internal quotations omitted)).  The reviewing court, however, may not affirm the Commissioner

on a ground upon which the Commissioner did not rely.  *Id*.; *see also Bray*, 554 F.3d at 1226.

## III.    DISCUSSION

Plaintiff argues that the Commissioner erred by rejecting his subjective symptom

testimony and by rejecting the lay testimony.

**A.    Plaintiff's Testimony**

There is a two-step process for evaluating a claimant's testimony about the severity and

limiting effect of the claimant's symptoms.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009). "First, the ALJ must determine whether the claimant has presented objective medical

evidence of an underlying impairment 'which could reasonably be expected to produce the pain

or other symptoms alleged.'"  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

(quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  When doing so, "the

claimant need not show that her impairment could reasonably be expected to cause the severity

of the symptom she has alleged; she need only show that it could reasonably have caused some

degree of the symptom."  *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the

ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Effective March 16, 2016, the Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with a new rule, SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider of all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other

information concerning the intensity, persistence, and limiting effects of an individual's

symptoms; and (3) non-medical source statements, considering how consistent those statements

are with the claimant's statements about his or her symptoms and other evidence in the file. *See*

*id.* at *6-7.

       The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons

for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359

F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, make a negative credibility finding

"solely because" the claimant's symptom testimony "is not substantiated affirmatively by

objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

       At the hearing plaintiff testified that he has significant back pain, that he cannot stand for

very long, and that he has difficulty sitting and walking. Tr. 61-89. He reported that he can

stand for about thirty minutes at a time, and has difficulty getting along with others. *Id.* In his

application for SSI, plaintiff alleged that he is in pain three to four times per day, that he has to

rest eight times per day, and that he must sit of lie down frequently. Tr. 253. Plaintiff stated that

he cannot lift more than twenty-five pounds, and alleged that he cannot walk more than two

blocks at a time. Tr. 292. He endorsed limitations in his ability squat, bend, reach, stand, kneel,

climb stairs, follow instructions, pay attention, get along with others, and handle stress and

changes in routine. Tr. 292-93.

       The ALJ rejected plaintiff's testimony as to the disabling nature of his limitations. Tr. 41.

First, he found that plaintiff's activities were inconsistent with the level of impairment alleged in

his testimony. Tr. 41-42. Evidence of an active lifestyle can undermine a disability claimant's

credibility, *Bray*, 554 F.3d at 1226-27, and daily activities that are inconsistent with alleged

symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th

Cir. 2001). Here, the ALJ noted that plaintiff attended college classes, attempted to look for a full-time job, and volunteered at a local community center five days a week as a maintenance man. Tr. 587. Plaintiff also was able to ride his bicycle daily and use public transportation. Tr. 586-88. The ALJ also noted that plaintiff chose to delay his recommended surgery until the fall because he "like[s] to do things in the summer," indicating that his condition was not as limiting as alleged. Tr. 42, 638-39. Based on this evidence, the ALJ reasonably concluded that plaintiff's ability to attend college and perform volunteer activities contradicted his testimony regarding the severity of his physical and social limitations. Tr. 41. The ALJ therefore provided a clear and convincing reason for rejecting plaintiff's testimony. *Rollins*, 261 F.3d at 857. While plaintiff provides an alternative interpretation of the evidence of his daily activities, the ALJ's rational conclusion must be upheld. *Burch*, 400 F.3d at 679 (where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld).

The ALJ also found that the medical evidence contradicts plaintiff's subjective symptom testimony regarding his mental and physical impairments. Tr. 42. While a claimant's testimony "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," *Rollins*, 260 F.3d at 857, conflict with medical evidence is a clear and convincing reason to reject a claimant's testimony. *Keyser v. Colvin*, 2015 WL 1319503 at *15 (D. Or. March 23, 2015). Here, the ALJ noted that while plaintiff complained of significant upper extremity limitations, treating physician Tanya Page, M.D. noted that he had full and equal grip strength and full motor strength at the shoulder, elbow, and wrist on examination in September, 2011. Tr. 369. The ALJ noted other medical providers' observations of deficits in plaintiff's upper extremities were mild to moderate, and were expected to improve with surgery. Tr. 638-39.

The medical evidence also contradicted plaintiff's testimony regarding his mental limitations.  For example, treatment notes reveal normal psychiatric observations and inconsistent allegations of mental symptoms.  Tr. 42.  Plaintiff also regularly denied symptoms of depression.  *See, e.g.* Tr. 493 (January, 2012 treatment note indicating plaintiff was "not at all" bothered by "feeling down, depressed, or hopeless"), 613 (treatment note from August, 2013 indicating same) 666 (February, 2013 treatment note indicating same), 676 (same), 685 (same). Based on this conflict between plaintiff's testimony and the medical evidence, it was reasonable for the ALJ to conclude that plaintiff was not completely disabled by his symptoms and limitations, as alleged.  *Keyser*, 2015 WL 1319503 at *15.  Plaintiff's alternative interpretation of the medical evidence is therefore irrelevant.  *Batson*, 359 F.3d at 1193 (variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record).  In sum, the ALJ provided sufficient clear and convincing reasons for rejecting plaintiff's statements regarding his symptoms and limitations.

**B.    Lay Testimony**

Plaintiff next argues that the ALJ erroneously rejected the lay testimony of Andrew Joel Catts, Kara Edge, and Brian Cayson.  An ALJ must provide "germane reasons" for rejecting lay testimony.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ need not discuss every witness's testimony, and "if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).  Inconsistency with other evidence in the record is a germane reason for rejecting the testimony of a lay witness.  *Lewis*, 236 F.3d at 511.  Further, it is not reversible error to reject lay testimony when "the lay testimony described the same limitations as [claimant's] own testimony, and the ALJ's reasons

for rejecting [claimant's] testimony apply with equal force to the lay testimony." *Molina*, 674

F.3d at 1122.

Andrew Catts was the executive director of the Clackamas Service Center, where

plaintiff volunteered as a maintenance man in exchange for meals. Tr. 91-100. Mr. Catts

appeared at the administrative hearing and gave testimony. *Id.* He stated that he was acquainted

with plaintiff for about five years, and that plaintiff took numerous leaves of absences because he

has difficulty working with others and taking directions from supervisors. Tr. 91-94. Mr. Catts

testified that he referred plaintiff to a support group after he "threw an empty cardboard box at

someone" while at his volunteer site. Tr. 97-98.

Social worker Kara Edge completed a third party function report regarding plaintiff's

symptoms and limitations. Tr. 266-73. Ms. Edge noted that plaintiff's neck, shoulder, knee, and

back pain made standing, lifting, and bending difficult for him. Tr. 271. She opined that

plaintiff's ability to work was limited by his difficulty communicating with others, limited

tolerance for social situations, and irritability. Tr. 270. Ms. Edge wrote that she was concerned

that plaintiff's "may have cognitive impairment / learning disabilities that impact his ability to

function in daily activities." Tr. 273.

Plaintiff's former supervisor Brian Cayson also submitted a statement to the Agency. Tr.

317-18. Mr. Cayson stated that plaintiff had been a good worker but had mental and emotional

issues that made social interaction challenging, and was only capable of working at about 70

percent of the pace of an average worker. Tr. 318. He opined that plaintiff had difficulties

working with others, and stated that plaintiff was laid off in March, 2008, because "business

slowed down and we couldn't afford to carry [plaintiff] after that." *Id.*

The ALJ considered the lay opinion evidence but gave it little weight.  Tr. 43-44.  First, the ALJ rejected Mr. Catts's opinion because it conflicted with evidence of plaintiff's social functioning.  Tr. 44.  For example, while Mr. Catts opined that plaintiff had significant problems interacting with others and needed to take frequent breaks, the record shows that plaintiff was able to perform a variety of social activities including taking classes, going shopping, and using public transportation, apparently without incident.  Tr. 62, 91, 269-72.  The medical record also indicates that plaintiff regularly demonstrated appropriate affect, insight, conversation, and judgment upon examination by his medical providers, arguably contradicting Mr. Catts's opinion regarding plaintiff's social functioning.  *See, e.g.*, Tr. 494, 617, 620, 630, 639, 648, 669, 677, 694.  On this record, the ALJ provided germane reason for rejecting Mr. Catts's lay opinion regarding plaintiff's social limitations.  *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (substantial evidence supported the ALJ's rejection of an opinion that conflicted with the medical evidence of record).

The ALJ also rejected the lay opinion of Ms. Edge.  Tr. 44.  The ALJ found that Ms. Edge based much of her opinion on plaintiff's subjective symptom testimony, which the ALJ found not credible.  Tr. 44, 266 (indicating plaintiff self-reported difficulties with standing, lifting and bending), 268-70 (indicating plaintiff provided information to Ms. Edge regarding his daily activities).  Ms. Edge's testimony was also similar to plaintiff's testimony regarding his symptoms and limitations.  This was a germane reason for rejecting Ms. Edge's opinion.  *See Tommasetti*, 533 F.3d at 1041 (the ALJ may reject an opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible"); *see also Molina*, 674 F.3d at 1122 (the ALJ's reasons for rejecting plaintiff's testimony "apply with equal force to the lay testimony").

The ALJ rejected Mr. Cayson's testimony because it was internally inconsistent.  Tr. 44.
In February, 2012, Mr. Cayson completed an Employer Questionnaire and stated that plaintiff
was a "good worker," did not "require any special rest periods or breaks," and "was able to
perform routine normal duties."  Tr. 295-96.  In a letter dated November, 2013, Mr. Cayson
stated that plaintiff "worked at about 70% of the pace of an average worker" and has "trouble
socially."  Tr. 318.  The fact that Mr. Cayson made equivocal statements regarding plaintiff's
ability to perform work at a consistent pace constitutes a germane reason supporting the ALJ's
evaluation of his testimony.

On this record, the ALJ provided sufficient germane reasons for rejecting the lay
testimony, and his evaluation of the lay evidence is therefore affirmed.  Because the ALJ's
evaluation of plaintiff's testimony and the lay witness testimony was free of harmful error, the
RFC accounted for all of plaintiff's credible limitations.  *See Batson*, 359 F.3d at 1197 (the ALJ
is not required to incorporate evidence that he properly determines to be not credible into the
RFC).  The Commissioner's conclusions were thus based on substantial evidence and are
affirmed.

## IV.    CONCLUSION

The Commissioner's decision that plaintiff is not disabled was supported by substantial
evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this _24th__day of August, 2016.

_____
Michael McShane
United States District Judge